IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA J. HARGRAVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 2:20-CV-221-PPS-JEM |
| vs. ) | |
| ) | |
| AMERISTAR CASINO EAST ) | |
| CHICAGO LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On March 25, 2021, Defendant, Ameristar Casino East Chicago LLC, filed a Motion to Dismiss for Lack of Prosecution in this slip and fall case. [DE 14.] After warning Plaintiff, Barbara Hargrave, that this matter would be dismissed if her counsel did not respond, Plaintiff's counsel filed a response on April 26, 2021, conceding that the delay in this case (failure to schedule/attend depositions and failure to respond to written discovery) is fully his fault. [DE 16.] Plaintiff's counsel claimed he was winding down his law practice and finally found another lawyer to take over this case.

I gave Hargrave's counsel one final chance in this case, ordering that if by the end of a 60-day period (or by July 2, 2021), Plaintiff has not either actively prosecuted her case or participated in discovery, then I would grant Ameristar's motion to dismiss and dismiss the matter with prejudice pursuant to Federal Rule of Civil Procedure 41(b). [DE 18.] Ameristar notified the court that the 60 days had come and gone, with nothing being done by Plaintiff's counsel. [DE 22.] The day after Ameristar filed that notice with the court, Hargrave's counsel withdrew and a new counsel then appeared on her behalf. [DE 22, 23.]

Again, nothing happened in the case so I held a telephone conference on August 27, 2021. During the hearing, Plaintiff's new counsel, attorney Coffman, promised he would respond to discovery soon and set up Hargrave's deposition. I ordered additional briefing on the motion to dismiss for lack of prosecution so I could hear the perspective of Hargrave's new counsel.

Plaintiff's new counsel claims "he has gotten the case back on track and provided Defendants with Plaintiff's answers to interrogatories and document production responses on August 30, 2021." [DE 28 at 2.] Additionally, he proposed multiple dates to present Plaintiff for her deposition, and the parties have agreed to take Hargrave's deposition on October 15, 2021. *Id.* Ameristar acknowledges that after the telephonic hearing, Plaintiff's counsel "provided a good portion of the discovery Defendant previously requested" and offered dates for her deposition. [DE 29 at 2.] However, Ameristar still claims it was unfairly prejudiced due to the cost of having to chase down discovery from Plaintiff over the last year, the cost of the court reporter and attorney fees for the deposition setting which Hargrave failed to appear for, and the cost of preparing and filing the motion to dismiss and reply in support.

Hargrave requests dismissal under Rule 41 and 37. Rule 37 provides that if a party does not obey a discovery order, the court may, among other actions, dismiss the action or proceeding in whole or in part. On the one hand, I am frustrated by Plaintiff's initial counsel's lack of attention to the case, refusal to provide discovery answers, and failure to produce Hargrave for her deposition. On the other hand, I am sympathetic to the actual plaintiff in this case, and very cognizant that the sanction of dismissal is to be used only in extreme circumstances. *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001); *Rice*

2

*v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2001) (stating the court's dismissal power is a "harsh sanction" that should "be employed only as a last resort.").

The cases regarding Rule 41 dismissal similarly recognize the harsh sanction of dismissal, which should only be granted when "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011); *see also Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019).  Factors to consider include: "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents."  *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011).

On balance, I don't think the neglect shown by Plaintiff's previous counsel, and initially by present counsel, justifies the extreme sanction of dismissal.  While the delay in total lasted about a year, certainly there is no evidence that Barbara Hargrave bears any personal responsibility for her counsel's delays.  There is no real effect on my calendar.  While some prejudice definitely exists to Ameristar, thankfully Hargrave is still alive and her deposition is scheduled soon, and Ameristar has now received most of the discovery in this case.  Plaintiff's counsel claims that Hargrave suffered a significant injury which required surgery and rehabilitation, and she still suffers significant pain, so the lawsuit presumably has merit.  If I were to dismiss this case, Hargrave would be punished for her attorneys' behavior.

3

I do think the most prejudice Ameristar has suffered in this case is a monetary one, and I do recognize the inattention of Plaintiff's attorneys.  Therefore, Ameristar is granted leave to file a motion for monetary sanctions under Rule 37, if it chooses to do so.

## Conclusion

For the reasons set forth above, Ameristar's Motion to Dismiss for Lack of Prosecution [DE 14] is DENIED.

ENTERED: September 13, 2021.

 s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
