UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BARBARA HARGRAVE,           )<br>    Plaintiff,                            )<br>                                              )<br>    v.                                       )<br>                                              )<br>AMERISTAR CASINO EAST CHICAGO, )<br>LLC,                                        )<br>    Defendant.                         ) | CAUSE NO.: 2:20-CV-221-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Expert Deadlines [DE 49], filed on August 24, 2022, and Plaintiff's Motion to Reopen Discovery [DE 50], filed on August 31, 2022. Defendant filed its response to Plaintiff's motion on September 12, 2022, and Plaintiff filed her reply on September 21, 2022. Plaintiff did not respond to the motion to stay, and the time to do so has passed.

The deadline for fact discovery was March 18, 2022, and for expert discovery it was August 31, 2022. Defendant filed a Motion for Summary Judgment on July 15, 2022. On August 24, 2022, the Court stayed briefing on the pending motion for summary judgment based on Plaintiff's representation that she intended to take a deposition of an Ameristar representative before responding. Plaintiff now requests that fact discovery be reopened to permit her to conduct additional discovery in order to "present facts essential to justify [her] opposition" to Defendant's pending Motion for Summary Judgment. Fed. R. Civ. P. 56(d). Plaintiff argues that Defendant failed to disclose a corporate representative during the pendency of fact discovery. Defendant asserts that, to the contrary, it disclosed corporate representatives and witnesses to the incident. Defendant also argues that this motion was brought almost six months after the close of fact

1

discovery, and that Plaintiff chose to take no depositions while fact discovery was open, despite Defendant's disclosures. Defendant argues that Plaintiff was dilatory and offers no good excuse for reopening fact discovery.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Moreover, the scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16 is stricter than that of Rule 6, because the movant must show diligence, not just excusable neglect, to justify the extension. *See McCann v. Cullinan*, No. 11-CV-50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (comparing the two standards); *Simstad v. Scheub*, No. 2:07-CV-407, 2014 WL 5094142, at *1 (N.D. Ind. Oct. 10, 2014) ("[G]ood cause is shown when despite a party's diligence, the deadlines could not reasonably have been met."). In determining whether good cause under Rule 16 has been shown, the Court's primary inquiry is the diligence of the requesting party. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). To determine whether the neglect was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted).

In this case, Plaintiff argues that she did not take depositions because Defendant did not disclose corporate representatives. However, Defendant disclosed corporate employees who were fact witnesses, disclosed that a corporate representative would testify, and had Defendant's Answers to Interrogatories signed by a corporate representative. Plaintiff did not issue a 30(B)(6) notice of deposition identifying topics for which she wished to take the deposition of a corporate representative during the time fact discovery was open. Plaintiff, in her response, now identifies several 30(B)(6) topics about which she wishes to depose a corporate representative. Plaintiff also implies that she wishes to take the depositions of fact witnesses, either those previously disclosed, or those she may learn of through the 30(B)(6) witness. Plaintiff asserts that she did not take these depositions or pursue this discovery because the parties were engaged in mediation.

Plaintiff brought her motion pursuant to Federal Rule of Civil Procedure 56(d) and her affidavit in support of her 56(d) request states that the information necessary to defeat Defendant's Motion for Summary Judgment is "in the hands of the Defendants" (sic).  However, she cites no legal authority in support of reopening discovery when discovery had been open for two years and closed prior to the time the Motion for Summary Judgment was filed. Indeed, Plaintiff cites no legal authority at all in her motion, other than quoting a portion of F.R.C.P. 56(d). The Seventh Circuit Court of Appeals has been clear that Rule 56(d)motions are not "a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 886 (7th Cir. 2005) (internal quotation omitted). The requirements that an affidavit be included means the affiant must present evidence and facts, not merely swear that it wants to engage in discovery. *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000) (quoting *Committee for the First Amendment v.*

3

*Campbell*, 962 F.2d 1517, 1512 (10th Cir. 1992) ("[a]dvocacy by counsel does not suffice for evidence or fact in the Rule 56(f) context [Rule 56(d) after 2010 amendments].").

> Plaintiff claims she wishes to inquire as to:
>
> the cleaning policies of Ameristar, the safety regulations put in place to protect patrons, the warnings required for hazards on the ground, as well as [to] determine the staff members responsible for the upkeep of the property, and who knew or should have known of the blood on the ground and failed to warn other patrons of the hazard.

In short, she seeks discovery via a Rule 30(B)(6) witness (or witnesses) and perhaps other witnesses. Plaintiff's affidavit does not specify how or what information related to cleaning policies, safety regulations or warning requirements, or witnesses other than those already disclosed, are connected to the allegations in her complaint or even a potential dispute of material fact. Instead, she speaks generally about needing discovery in these areas. This does not amount to "specified reasons" that Plaintiff "cannot present facts essential to justify its opposition" as required by Fed. R. Civ. P. 56(d). Plaintiff offers nothing to show that her opposition—the theory behind her liability claim—is meritorious. *See Davis*, 396 F.3d at 886. Accordingly, Plaintiff's affidavit is not consistent with the requirements of Fed. R. Civ. P. 56(d). *Vidhi, LLC v. Arch Ins. Co.*, No. 3:18-CV-451-DRL-MGG, 2022 U.S. Dist. LEXIS 128332, at *9 (N.D. Ind. May 27, 2022).

Noting that Plaintiff failed to take any depositions or issue a notice for any Rule 30(B)(6) depositions during the time discovery was opened and that she offers no excuse for her failure to move to extend discovery for more than five months after it closed, the Court does not find that her neglect to be excusable. At this point in time, the Court is faced with an untimely motion to reopen discovery, which will delay the briefing schedule on a pending motion for summary

4

judgment.

In its motion, Defendant requests that expert discovery be stayed in light of Defendant's pending Motion for Summary Judgment. Plaintiff has not objected to Defendant's request to stay expert discovery, and the time to do so has passed.

Accordingly, the Court **GRANTS** Defendant's Motion to Stay Expert Deadlines [DE 49] and **STAYS** expert disclosure and discovery deadlines until after Defendant's Motion for Summary Judgment is resolved. The Court **DENIES** Plaintiff's Motion to Reopen Discovery [DE 50]. The Court **LIFTS THE STAY** on briefing the Motion for Summary Judgment and **ORDERS** Plaintiff to file her response to that motion on or before October 24, 2022, and Defendant to file its reply on or before November 7, 2022. The Court also **VACATES** the October 27, 2022 status hearing.

SO ORDERED this 4th day of October, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record